UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  16-80769-CIV-HURLEY
(CASE NO.  12-80118-CR-HURLEY)

TIMOTHY DAVIS,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER ADOPTING IN PART & AND REJECTING IN PART
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court upon the Movant's "motion for relief" which cited the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) [DE #1]. Upon receipt and analysis of the motion, the Court announced its intention to recharacterize the motion as one to vacate, set aside and correct sentence pursuant to 28 U.S.C. §2255, and gave the required *Castro* warnings. *Castro v. United States*, 540 U.S. 375 (2003).  Thereafter, pursuant to normal procedures, the Clerk of Court opened this civil case and the matter was referred to the Honorable Patrick A. White, United States Magistrate Judge for a report and recommendation.

While the matter was pending before Judge White, the Movant, responding to one of the options set forth in the *Castro* warning, filed a pleading lodging his objection to the recharacterization of his motion as a motion to vacate or correct sentence under Section 2255. This in turn prompted a report and recommendation, [DE #9], recommending that the motion be dismissed *without prejudice*.  The magistrate judge opined that "[b]ecause the Movant has objected to his letter's recharacterization as a Section 2255 motion to vacate, it should be dismissed without

prejudice."

The time for filing objections has expired and no objections have been filed. Therefore, the court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. *See Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006), cases cited *infra*. Having undertaken this review, the Court finds that the Magistrate Judge's findings and recommendation of dismissal to be sound and well reasoned. However, the Court concludes that the recommendation of dismissal *without prejudice* is erroneous; the motion must be dismissed *for lack of jurisdiction.*

Today, the normal method for initiating a collateral challenge to a federal conviction is a motion to vacate, correct or set aside a sentence pursuant to 28 U.S.C. section 2255. See *Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360 (11th Cir. 2015). In rare circumstances, not applicable here, a petitioner may invoke 28 U.S.C. section 2241. When a *pro se* litigant files a pleading that "sounds like" a 2255 motion, but fails to designate it as such, a court is authorized, in the exercise of its discretion, to recharacterize the motion as a 2255 motion to vacate. Before doing so, however, the court must provide the movant with  warnings specified in the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003). Among other things, the movant must be informed that he has the right to object to the court's announced intention to recharacterize the motion. This is flows from the principle that a pleader is the master of his complaint. Thus, when a movant objects to recharacterization, a court must evaluate the motion as initially designated by the pleader. *See* Zelaya, *supra.*

Turning again to the procedural facts of this case, Mr. Davis, filed a letter/pleading seeking relief under the Supreme Court's decision in *Johnson.* This "sounded like" a 2255 motion to vacate because, if successful it would result in the reduction of his sentence. Therefore, the Court issued

a *Castro* warning, announcing its intention to recharacterize the motion and, among other things, informing the movant of his right to object. Mr. Davis, in turn, lodged his objection and, thus, his motion must be evaluated as originally filed, and not as a section 2255 motion.

If Mr. Davis' motion is not a section 2255 motion to vacate, then what is it? More to the point, what statute, court rule, or retroactively-applicable guidelines amendment confers jurisdiction on the court to entertain the motion and grant the relief requested? The Movant is silent on this point and the Court has been unable to discern any basis for jurisdiction. It is, of course, axiomatic that "[c]ourts have an independent obligation to determine whether subject- matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S.Ct. 1181, 1193 (2010). Moreover, "once a court determines that there has been no grant [of jurisdiction] that covers a particular case, the court's sole remaining act is to dismiss the case *for lack of jurisdiction*." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (Emphasis supplied). With these principles in mind, the Court concludes it lacks subject-matter jurisdiction and accordingly the motion must be dismissed for lack of jurisdiction.

The magistrate judge and his able staff have done an extraordinary job in especially difficult circumstances to ensure that *pro se* litigants receive thorough and careful consideration. No criticism whatsoever is intended by this Court's order of partial adoption of the report and recommendation.

Accordingly, it is **ORDERED and ADJUDGED:**

1.   The magistrate judge's Report and Recommendation, DE #9, is hereby **ADOPTED IN PART AND REJECTED IN PART.**

2.   Pursuant to Rule 58, Fed.R.Civ.P., the he Court will enter a final judgment.

3   The Clerk of Court is directed to **CLOSE** this case and all pending motions are **DENIED AS MOOT.**

**DONE and SIGNED** in Chambers at West Palm Beach, Florida, this 8th day of August, 2016.

Daniel T. K. Hurley
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel for the parties
Mr. Timothy Davis